Mr. John Slye General Counsel Florida Department of Children and Families 1317 Winewood Boulevard Tallahassee, Florida 32399-0700
On behalf of the Department of Children and Families, you ask the following question:
Is a local WAGES coalition a "state agency" as defined in section216.011(1)(kk), Florida Statutes?
In sum:
A local WAGES coalition operates as an extension of the State WAGES Board located in the Executive Office of the Governor and would appear, therefore, to be a "state agency" as defined in section 216.011(1)(kk), Florida Statutes, for purposes of the Government Performance and Accountability Act.
The "Work and Gain Economic Self-sufficiency (WAGES) Act," Chapter 414, Florida Statutes, creates within the Executive Office of the Governor the WAGES Program State Board of Directors to oversee the operation of the WAGES program and to advise and assist state agencies in implementing the WAGES program.[1] The stated intent of the WAGES program is to "emphasize work, self-sufficiency, and personal responsibility while meeting the transitional needs of program participants who need short-term assistance toward achieving independent, productive lives and gaining the responsibility that comes with self-sufficiency."[2]
The WAGES Program State Board of Directors is statutorily directed to "create and charter local WAGES coalitions to plan and coordinate the delivery of services under the WAGES Program at the local level."[3] Local coalitions receive staff support from the Department of Children and Families and the Department of Labor and Employment Security.[4]
While the Legislature has not provided clear language making local WAGES coalitions a part of the executive branch of government, section 414.028(4), Florida Statutes, requires local coalitions to perform the "planning, coordination, and oversight functions specified in the statewide implementation plan. . . ." Thus, the local WAGES coalitions appear to operate as extensions of the State WAGES Board. Functions to be carried out by the local WAGES coalitions include but are not limited to:
"(a) Developing a program and financial plan to achieve the performance outcomes specified by the WAGES Program State Board of Directors for current and potential program participants in the service area. . . .
(b) Developing a funding strategy to implement the program and financial plan which incorporates resources from all principal funding sources.
(c) Identifying employment, service, and support resources in the community which may be used to fulfill the performance outcomes of the WAGES Program.
(d) In cooperation with the regional workforce development board, coordinating the implementation of one-stop career centers.
(e) Advising the Department of Children and Family Services and the Department of Labor and Employment Security with respect to the competitive procurement of services under the WAGES Program.
(f) Selecting an entity to administer the program and financial plan, such as a unit of a political subdivision within the service area, a not-for-profit private organization or corporation, or any other entity agreed upon by the local WAGES coalition."[5]
The statute contemplates a direct relationship between the State WAGES Board created within the Executive Office of the Governor and the local WAGES coalitions. The State WAGES Board is responsible for approving the program and financial plan of a local coalition.[6] Moreover, the Department of Children and Families and the Department of Labor and Employment Security are responsible for the evaluation of programs operated under the WAGES Act[7] and may adopt rules to implement, enforce and interpret Chapter 414, Florida Statutes.[8]
Thus, while there is no clear language designating local WAGES coalitions as state agencies, their functions and the manner in which they are created, administered and reviewed would make it appropriate to consider application of Chapter 216, Florida Statutes.
You have advised this office that the question of the status of local WAGES coalitions as state agencies arises in light of the department's plans to privatize services it would otherwise render and to allow local WAGES coalitions to act as the contract administrator with the private entities. The transfer of funds from the department to the local WAGES coalitions would be simplified in the event it is found that the coalitions are state agencies.
Section 216.001, Florida Statutes, provides for purposes of Chapter 94-249, Laws of Florida (the "Government Performance and Accountability Act" [act]) that "state agency" means "any unit of organization of the executive branch, including any official, officer, department, board, commission, division, bureau, section, district, office, authority, committee, or council or any other unit of government, however designated, and the Public Service Commission." "State agency," however, does not include the judicial branch. For purposes of fiscal affairs of the state, appropriations acts, legislative budgets, and approved budgets, "[s]tate agency" is defined as "any official, officer, commission, board, authority, council, committee, or department of the executive branch of state government."[9]
The act's preamble and recitals express the purpose of the act as providing accountability by state agencies for the expenditure of public money in the delivery of services and products and the administration of governmental programs. The act further expresses that state agencies should be held accountable for the services and products they deliver, should have incentives to deliver services and products in the most efficient and effective manner, and should have their performance measured and evaluated.[10]
While the preamble and the recitals are not binding, they provide strong evidence of the Legislature's intent in passing this legislation.[11]
The responsibilities of local WAGES coalitions to plan and coordinate the delivery of services under the State WAGES Program at the local level and the direct oversight of such activities by the Department of Children and Families, the Department of Labor and Employment Security, and the State WAGES Board offer strong support for imposing the requirements of Chapter 216, Florida Statutes. This would ensure accountability for the services and products delivered on behalf of the State and measure the success of the program.
Accordingly, it is my opinion that a local WAGES coalition is an extension of the State WAGES Board and, therefore, is a "state agency" as defined in section 216.011(1)(kk), Florida Statutes, for purposes of the Government Performance and Accountability Act. You may, however, wish to seek legislative clarification in this matter.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 414.026(1), Fla. Stat. Section 414.026(2)(a), Fla. Stat., states that the composition of the board shall be as follows: Commissioner of Education or designee; Secretary of Children and Family Services; Secretary of Health; Secretary of Labor and Employment Security; Secretary of Community Affairs; director of the Office of Tourism, Trade, and Economic Development; president of the Enterprise Florida workforce development board, established under s. 288.9620; chief executive officer of the Florida Tourism Industry Marketing Corporation, established under s. 288.1226; and nine members appointed by the Governor as directed under the statute.
[2] Section 414.025(3), Fla. Stat.
[3] Section 414.028, Fla. Stat.
[4] Section 414.028(6), Fla. Stat.
[5] Section 414.028(4), Fla. Stat.
[6] See, s. 414.028(5), Fla. Stat., stating that "[t]he WAGES Program State Board of Directors may not approve the program and financial plan of a local coalition unless the plan provides a teen pregnancy prevention component. . . ."
[7] See, s. 414.23, Fla. Stat.
[8] Section 414.45, Fla. Stat.
[9] Section 216.011(1)(kk), Fla. Stat.
[10] See, Preamble and Recitals to Ch. 94-249, Laws of Florida.
[11] See, State ex rel. Ervin v. Cotney, 104 So.2d 346 (Fla. 1958) and In re Kavolchyck, 154 B.R. 793 (Bankruptcy S.D. Fla. 1993), affirmed and remanded, 164 B.R. 1018 (Bankruptcy S.D. Fla. 1994).